NOT FOR PUBLICATION																					CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORR M. BIRLA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> NEW JERSEY BOARD OF NURSING, et al., : <br> : <br> Defendants. : <br> : | **Civil Action No. 12-1612 (SRC)** <br><br> **OPINION** |

**CHESLER**, District Judge

  This matter comes before the Court upon Defendants New Jersey Board of Nursing ("the Board") and New Jersey Board of Nursing Executive Director George J. Herbert's ("Herbert") (collectively "Defendants") motion to dismiss [docket entry # 9]. Plaintiff Georr M. Birla ("Birla" or "Plaintiff") has cross-moved for summary judgment [docket entry #10]. The Court has considered the parties' submissions and, pursuant to Federal Rule of Civil Procedure 78, has opted to rule without oral argument. For the reasons discussed below, the Court will grant Defendants' motion to dismiss and deny Plaintiff's cross-motion for summary judgment.

**I.**  **FACTUAL BACKGROUND**

  The Complaint before the Court is very sparse. For the purposes of deciding the present motions, however, it is sufficient to state that Plaintiff alleges that Defendants engaged in racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), by denying Plaintiff's application for certification as a Certified Homemaker

Home Health Aide.  Plaintiff seeks $108,108 in damages.

II.     **DISCUSSION**

    A.     **Subject Matter Jurisdiction: Eleventh Amendment Immunity**

Defendants argue that Plaintiff's suit is barred by the doctrine of Eleventh Amendment Immunity.  The Eleventh Amendment to the United States Constitution provides that . . . .

> [t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Although the Eleventh Amendment only expressly bars federal courts from hearing suits brought against states by citizens of another state or by citizens or subjects of a foreign state, it is well established that the doctrine of sovereign immunity also bars a suit brought by a citizen against his or her own state.  See Alden v. Maine, 527 U.S. 706, 712-13 (1999) (describing the phrase "Eleventh Amendment immunity" as "something of a misnomer, for the sovereign immunity of the States neither derives from nor is limited by the terms of the Eleventh Amendment).

A state's immunity from suit under the Eleventh Amendment extends to an agency or department of the state, and to a state official if he or she is sued in his or her official capacity, wherever the state is the "real party in interest;" that is, whenever "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act."  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102 (1984) ("Pennhurst II") (citing Dugan v. Rank, 372 U.S. 609, 610 (1963)); see also Kentucky v. Graham, 473 U.S. 159, 167 (1985) (noting that "official capacity suits 'generally represent only another way of pleading

an action against an entity of which the officer is an agent.'") (internal citation omitted).

Only two exceptions to Eleventh Amendment immunity have been recognized by the Supreme Court: waiver of immunity by the state, and abrogation of immunity by Congress. Alden, supra, 527 U.S. at 755-56; Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996); Ex parte New York, 256 U.S. 490, 497 (1921); Welch v. Texas Dep't of Highways & Public Transp., 483 U.S. 468, 487 (1987).

In support of their Eleventh Amendment argument, Defendants correctly assert that 28 U.S.C. § 1983 does not represent an abrogation of a State's immunity. But Plaintiff has not, as of yet, asserted a claim under Section 1983.[1] The Complaint states that Plaintiff's suit "aris[es] under Title VII of the Civil Rights Act of 1964 . . . ." (Compl. at p. 1) Unlike Section 1983, Title VII, which was passed pursuant to Section 5 of the Fourteenth Amendment[2], *does* represent a congressional abrogation of state sovereign immunity. Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976). Plaintiff's claim is therefore not barred by Eleventh Amendment immunity.

B.   **Subject Matter Jurisdiction: Rooker-Feldman**

Defendants next argue that Plaintiff's claim is barred by the Rooker-Feldman doctrine, which prohibits district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Rooker-Feldman does not bar the Court from taking jurisdiction of this case because Plaintiff is plainly not a state-court loser

---

[1] The argument that Defendants are "not 'persons' amenable to suit under 42 U.S.C. § 1983" (Defs.' Br. at p. 15) is similarly misplaced.

[2] Section 5 of the Fourteenth Amendment provides that "[t]he Congress shall have the power to enforce, by appropriate legislation, the provisions of this article."

complaining of injuries caused by a state-court judgment.  See id.  Instead, Plaintiff filed suit in federal district court, alleging that administrative actions taken by the Board violated Title VII.  Rooker-Feldman has no bearing on such a case, because "the Rooker-Feldman doctrine only applies to state *judicial* proceedings, not administrative or legislative proceedings.  AMTRAK v. Pa. PUC, 342 F.3d 242, 257 (3d Cir. 2003) (emphasis added).  "The Rooker-Feldman doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme] Court."  Verizon Md., Inc. v. PSC, 535 U.S. 635, 644 (2002).

        C.        **Failure to State a Claim Upon Which Relief Can Be Granted**

Although Defendants' Rule 12(b)(6) argument is confined to the irrelevant issue of whether Defendants are "persons" within the meaning of Section 1983, the Court agrees that Plaintiff fails to state a claim upon which relief can be granted.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 676).

Plaintiff has sued the Board and Herbert under Title VII, which "prohibits discrimination on the basis of race, color, religion, sex, and national origin with respect to compensation, terms, conditions, or privileges of employment, and discriminatory practices that would deprive any individual of employment opportunities or otherwise adversely affect his status as an employee," Thompson v. N. Am. Stainless, LP, 131 S. Ct. 863, 868 (2011) (internal quotations and citations omitted). But Title VII generally prohibits discrimination by *employers*; it does not reach alleged discrimination by individual employees, Sheridan v. E.I. Dupont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996), or state licensing agencies, George v. New Jersey Bd. of Veterinary Medical Examiners, 794 F.2d 113, 114 (3d Cir. 1986). Plaintiff's Complaint fails to allege that Defendants are "employers" within the meaning of § 2000e(b). Accordingly, this Court will dismiss the Complaint without prejudice.[3]

Plaintiff will have leave to re-file a complaint stating one or more viable cause of action, which may include Section 1983 claims against the Board and Hebert in his personal capacity. While Defendants are correct that a Section 1983 claim for money damages against the Board would be barred, Plaintiff may arguably have viable claims for injunctive or declaratory relief against the Board and/or a claim for money damages against Hebert in his personal capacity.

An appropriate order accompanies this opinion.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: November 14, 2012

---

[3] Having dismissed the Complaint pursuant to Rule 12(b)(6), Plaintiff's cross-motion for summary judgment is necessarily denied. The Court notes, however, that Plaintiff's cross-motion for summary judgment must also be denied for failure to provide the Court with a statement of undisputed material facts. See L. Civ. R. 56.1 ("A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed.").