NOT FOR PUBLICATION                                                                                       CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORR M. BIRLA, | Civil Action No. 12-1612 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| NEW JERSEY BOARD OF NURSING, et al., | |
| Defendants. | |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion to dismiss by Defendants New Jersey Board of Nursing ("the Board") and New Jersey Board of Nursing Executive Director George J. Herbert ("Herbert") (collectively "Defendants"). (Docket Entry 25) The motion has not been opposed by Plaintiff Georr M. Birla ("Plaintiff"). The Court has considered the submission before it and opts to rule without oral argument. See Fed. R. Civ. P. 78. For the reasons discussed below, the Court will grant Defendants' motion to dismiss.

      The Amended Complaint before the Court is sparse and, in parts, unclear. Broadly speaking, the Amended Complaint alleges that the Defendants performed a criminal history background check on Plaintiff for the purposes of determining whether Plaintiff was employable as a home health aide or certified nurse's aide. According to the Amended Complaint, the background check relied on inaccurate records more than 15 years old and resulted in Plaintiff being wrongfully barred from employment at any "Homemaker Health Aide State Agency."

(Am. Compl. 2)  Plaintiff alleges that Defendants' conduct amounted to unlawful racial discrimination.

Plaintiff initially filed suit on or about March 6, 2012.  The original Complaint (Docket Entry 1), which alleged only violations of Tile VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), was dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.  (Docket Entry 14)  Plaintiff then filed an Amended Complaint, asserting claims under both Title VII and 42 U.S.C. § 1983.  (Docket Entry 22)

Defendants now argue that the Title VII claims must be dismissed with prejudice because only employers can be sued under Title VII, and neither Defendants were, at any time, actual or prospective employers of Plaintiff.  The Court agrees.  Under Title VII, an employer may not

> fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . .

42 U.S.C. § 2000e-2(a)(1) ("Unlawful employment practices").  As Defendants correctly argue, "Plaintiff's reliance upon Title VII in this case is misplaced because Defendants are not Plaintiff's employers." (Defs.' Br. 5)  The Defendants are a state licensing agency and an individual employee of a state licensing agency.  The Third Circuit has made clear that Title VII "is not applicable to the licensing functions of a public agency exercised under the police powers of a state."  George v. New Jersey Bd. of Veterinary Medical Examiners, 794 F.2d 113, 114 (3d Cir. 1986).

The Court next considers Plaintiff's claims under § 1983, which provides as follows:

> Every person who, under color of [law] . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or

> immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity . . . .

42 U.S.C. § 1983.

Defendants argue that the § 1983 claims must be dismissed because Plaintiff has failed to set forth which right, privilege, or immunities the Defendants are alleged to have violated, and § 1983 cannot be used to seek redress of a right created exclusively by Title VII. It is true that a Plaintiff's § 1983 claim cannot be predicated exclusively on a violation of Title VII. See Foster v. Wyrick, 823 F.2d 218, 220–21 (8th Cir. 1987); Price v. Delaware Dep't of Correction, 40 F. Supp. 2d 544, 558 (D. Del. 1999). The Court recognizes, however, that Plaintiff is proceeding *pro se* and thus construes the Amended Complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Plaintiff alleges that the Defendants engaged in racial discrimination by "weeding-out Plaintiff with the inaccurate criminal record information" and by wrongfully denying Plaintiff licensure as a home health aide. (Compl. 2) Accordingly, the Court will regard the Amended Complaint as asserting that Defendants denied Plaintiff equal protection of the law in violation of the Fourteenth Amendment to the U.S. Constitution.[1]

Even a liberally construed complaint, however, must give notice of the claim and the grounds upon which is rests. A complaint will survive a motion under Rule 12(b)(6) if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Third Circuit, following Twombly and Iqbal, has held that Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing

---

[1] In relevant part, the Fourteenth Amendment provides that "[n]o state shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws."

that the pleader is entitled to relief.'"  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  Here, the Amended Complaint relies largely on legal conclusions and lacks the kind of factual allegations required to show a plausible entitlement to relief.  As such, the § 1983 claim must be dismissed without prejudice.

The Court must also note that the Amended Complaint may be read as asserting claims for money damages against the Board and Herbert in his official capacity.  Such claims must be dismissed with prejudice, because it is well established that neither a state agency nor state officials sued in their official capacities qualify as "persons" subject to suit under § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

An appropriate order accompanies this opinion.

　　　　　　　　　　　　　　　　　 s/Stanley R. Chesler
　　　　　　　　　　　　　　　　　STANLEY R. CHESLER
　　　　　　　　　　　　　　　　　United States District Judge

Dated: May16, 2013